United States District Court
Southern District of Texas
**ENTERED**
March 10, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PAULA ARNOLD, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3044 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

When the plaintiffs' homes suffered storm damage,[1] the plaintiffs sought benefits under their State Farm Lloyds homeowners' policies.  State Farm paid the plaintiffs' claims only after they invoked their appraisal rights under their respective policies.  The plaintiffs argue that State Farm mishandled their claims, even though the claims were paid.  The question posed by this lawsuit is whether state law imposes additional obligations on State Farm because of its alleged mishandling of the plaintiffs' claims.  The plaintiffs have moved for partial summary judgment under the Texas Prompt Payment of Claims Act, and State Farm has moved for a judgment that it owes nothing beyond what it has already paid. (Docket Entry Nos. 13, 14, 16, 19, 20).  Based on the summary-judgment record, the parties' briefs, and the relevant law, the court denies the plaintiffs' motion and grants State Farm's.  The reasons are as follows.

---

[1] "Plaintiffs" refers to Suzanna Wolff, Michael Storey, Mitchell and Hope Dale, and Bruce and Donna Bramlett.  Victor Soto is not part of either pending motion.  Paula and Matthew Arnold, Ashley and Tadese Patrick, and Patricia Trial have voluntarily dismissed their claims.  (Docket Entry Nos. 9, 10, 22–25).

## I.       Background

The following facts are undisputed and supported by the parties' largely overlapping summary judgment evidence; neither party has objected to any of this evidence. (*See* Docket Entry Nos. 13 at 1–3, 14 at 5–7 (indices of the summary judgment evidence)).

The plaintiffs, all of whom purchased policies from State Farm to cover unexpected damage to their homes, submitted claims to State Farm for storm damage. State Farm did not initially pay any claim, either because it determined that there was no loss or because any loss did not exceed the insured's deductible. Each plaintiff then sought an appraisal as provided by the policies. The appraisals indicated that, for every claim, the amount of loss exceeded the relevant policy's deductible. State Farm paid each insured an amount equal to the appraisal award's actual cash value less the policy deductible.[2] State Farm then paid replacement cost benefits to each insured.

Following State Farm's payments, the plaintiffs made informal and then formal demands to State Farm for attorney's fees, interest, compensatory damages, and damages for mental anguish. State Farm rejected those demands, and the plaintiffs sued in August 2022. The plaintiffs filed their motion for partial summary judgment on December 15, 2022.

On December 23, 2022, State Farm issued payments for interest on the appraisal awards from the date of State Farm's initial inspection of each property to the date State Farm paid each appraisal award. State Farm then cross-moved for summary judgment on January 5, 2022.

---

[2] In the case of Plaintiff Michael Storey, State Farm also deducted "satellite realignment and calibration" from this payment. (Docket Entry No. 13 at 6). Storey does not contest the propriety of this deduction.

II.     **The Legal Standard for a Motion for Summary Judgment**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific

evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## III.   Analysis

### A.   Breach of Contract

State Farm argues that the plaintiffs' breach-of-contract claim is estopped by State Farm's payment of the appraisal amounts. The plaintiffs do not contend that this claim is not estopped; instead, they argue that State Farm has already accepted liability under the policy. There is no factual dispute regarding the breach-of-contract claim, and the court agrees with State Farm.

As in *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019), the only contractual breach alleged here is State Farm's failure to pay "adequate coverage and compensation as obligated under the Policy." (Docket Entry No. 1-3 ¶ 33). State Farm's payment of the appraisal award represents the fulfillment of its contractual obligations at issue in this lawsuit. *Ortiz*, 589 S.W.3d at 133 ("As Ortiz has failed to identify any breach other than the failure to timely pay the amount of the covered loss under the policy, State Farm was entitled to summary judgment on the breach of contract claim."). The plaintiffs do not argue—and submit no evidence supporting such an argument—that the awards should be set aside or that they are owed other benefits under the policy. *See id.*; *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 844 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If the appraisal award is not set aside, this contractual process settles the issue of damages, and settlement of the full amount owed estops the insured from bringing a breach of contract claim against the insurer.").

4

The court grants summary judgment for State Farm on the breach-of-contract claim. Accordingly, the court also grants summary judgment for State Farm regarding attorney's fees under the Texas Civil Practice and Remedies Code, because an award of attorney's fees under the relevant section requires a favorable judgment on a breach-of-contract claim. *See* TEX. CIV. PRAC. & REM. CODE § 38.001.

### B.     Extracontractual Claims

The court turns to State Farm's motion regarding the plaintiffs' common law,[3] Insurance Code Chapter 541, and Texas Deceptive Trade Practices Act claims.  The Texas Prompt Payment of Claims Act claim is addressed separately, below.

"[A]n insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear.  Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith."  *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (internal citation omitted).  The record shows that the plaintiffs sought appraisals following State Farm's initial denial of their claims, and that State Farm paid the appraisal awards. An initial rejection of a claim followed by compliance with the appraisal process outlined in the policies does not support—without more—a finding of bad faith.  *Id.*; *Burgess v. Allstate Fire & Cas. Ins. Co.*, 641 S.W.3d 474, 480 (Tex. App.—Austin 2021, no pet.) ("A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.") (quoting *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)).

---

[3] The court grants summary judgment on the plaintiffs' fraud claim, which they do not attempt to defend.

The court turns to the plaintiffs' statutory claims.

[A]n insurer violates Chapter 541 [of the Texas Insurance Code] by (1) misrepresenting a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; (3) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and (4) failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

*Burgess v. Allstate Fire & Cas. Ins. Co.*, 641 S.W.3d 474, 477 (Tex. App.—Austin 2021, no pet.) (citing TEX. INS. CODE § 541.060,(a)(1), (2)(A), (3), (7)); *see also Performance Autoplex II Ltd. v. Mid–Continent Cas. Co*., 322 F.3d 847, 860–61 (5th Cir. 2003) (also outlining standard for Chapter 541 claim).  An action for violations of the Deceptive Trade Practices Act may be maintained on the basis of a Chapter 541 violation.  TEX. BUS. & COM CODE § 17.50.

Again, the plaintiffs fail to show a dispute of material fact regarding any violation of Chapter 541.  The court therefore grants State Farm's motion for summary judgment with respect to the Chapter 541 claims and the associated claims for violation of the Deceptive Trade Practices Act.

### C.    Claims for Violation of the Texas Prompt Payment of Claims Act

The plaintiffs' motion for partial summary judgment concerns State Farm's alleged violation of the Texas Prompt Payment of Claims Act.  TEX. INS. CODE §§ 542.051 *et seq*.

"To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim."  *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019).  Because the Act does not address the appraisal process, the Texas Supreme Court has stated that it "neither . . . impose[s]

6

specific deadlines for contractual appraisal process . . . nor . . . exempt[s] the contractual appraisal process from the deadlines provided by the TPPCA." *Id.* at 814.

An insurer is "liable" under the Act when it "has completed its investigation, evaluated the claim, and come to a determination to accept and pay the claim or some part of it; or (2) been adjudicated liable by a court or arbitration panel." *Id.* at 819.

> If an insurer rejects a claim, it has concluded based on its investigation and evaluation that it owes no benefits under the policy and is not liable for the claim; unless and until the insurer later accepts the claim, thereby admitting liability, or there is a judgment that the insurer wrongfully rejected the claim, the insurer is not "liable for a claim under an insurance policy" under section 542.060.

*Id.* at 819–20.

Because this case involves claims for storm damage to real property brought under the Act, the relevant remedies provision is as follows:

> [I]f an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

*Id*. § 542.060(c); *see also id.* § 542A.001(2) & 002(a). Section 542A.007 sets the amount of attorney's fees recoverable in an action to which Chapter 542A applies:

> (a) Except as otherwise provided by this section, the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:
>
> > (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
> >
> > (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or

(3) the amount calculated by:

> (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and

> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

(b) [T]he court shall award to the claimant the full amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action if the amount calculated under Subsection (a)(3)(A) is:

> (1) greater than or equal to 0.8;

> (2) not limited by this section or another law; and

> (3) otherwise recoverable under law.

(c) The court may not award attorney's fees to the claimant if the amount calculated under Subsection (a)(3)(A) is less than 0.2.

TEX. INS. CODE § 542A.007

The plaintiffs argue that State Farm's eventual payment of their claims indicates its acceptance of liability satisfying the first prong of the test laid out in *Barbara*. (Docket Entry No. 13 at 12).

Assuming that State Farm is liable on the claims, the court nonetheless must grant summary judgment for State Farm. This is because the plaintiffs do not dispute the amount of interest paid on the appraisal awards and cannot recover attorney's fees under the statute—the sole remedies authorized by the Act. TEX. INS. CODE § 542.060(c).

First, State Farm argues that it has paid each claim, which the plaintiffs do not dispute.

Second, State Farm points to the interest payments it made on the appraisal awards after the plaintiffs' filed their motion for partial summary judgment. The plaintiffs suggest that they

dispute the amount of these payments.  (Docket Entry No. 19 at 21–22 ("Therefore, the only issue left to resolve with regard to the Plaintiffs' TPPCA claims is whether State Farm correctly calculated its late statutory interest payments and calculating attorney's fees that State Farm owes each of these Plaintiffs.")).  But the plaintiffs have not submitted any summary-judgment evidence disputing State Farm's calculations.

Finally, State Farm points to Chapter 542A's attorney's fees scheme, arguing that subsection (c) results in an award of zero dollars.  State Farm has fulfilled its obligations under the policy and the plaintiffs cannot obtain a judgment on their extracontractual claims, as previously explained.  Therefore, the numerator for the calculation provided in subsection (a)(3)(A) is 0.  Any division of 0 is 0, which is less than .2, meaning that there are no attorney's fees to award.  TEX. INS. CODE § 542A.007(c).

## IV.    Conclusion

The court denies the plaintiffs' motion, (Docket Entry No. 13), and grants State Farm's motion.  (Docket Entry No. 14).

SIGNED on March 10, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

9